UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN S. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-01007-TWP-DML |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION, | ) | |
| BRUCE LEMMON, | ) | |
| WENDY KNIGHT, | ) | |
| WILLIAM HYATTE, | ) | |
| C. FOX, | ) | |
| GRADY Ms., | ) | |
| J. SIMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Dismiss Federal Claims and Remanding Case to State Court**

This action was removed by the defendants from Marion Superior Court to this Court. Federal jurisdiction was predicated on the plaintiff's federal claims under 42 U.S.C. §§ 1983, 1985. Presently before the Court is the plaintiff's motion to voluntarily dismiss his federal claims (Counts 2 and 3 of his Complaint) and proceed only with his state-law negligence claims. The deadline for the defendants to respond to this motion has passed, and they have not responded. The plaintiff's unopposed motion to dismiss his federal claims, [dkt. 6], is therefore **granted**, and his federal claims are **dismissed without prejudice**.

Now that the plaintiff's federal claims have been dismissed, the Court must decide whether it should exercise supplemental jurisdiction over the plaintiff's state-law negligence claims. The Court ultimately has discretion whether to exercise supplemental jurisdiction. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may

decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010).

The relevant factors clearly weigh in favor of the Court relinquishing jurisdiction over this action. Most importantly, no action has been taken by this Court regarding the plaintiff's claims. Almost immediately after the defendants removed this action to federal court, the plaintiff moved to dismiss his federal claims. Accordingly, the Court will relinquish supplemental jurisdiction over the state-law claims, and this action is **remanded** to Marion Superior Court.

An Order of Remand and Dismissal consistent with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 5/1/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

KEVIN S. TURNER
922829
INDIANA STATE PRISON
New Castle "Correctional Facility (NCN)
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360